#4

1538

**FILED**

JUN 22 2017

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

fee paid + summons issued

# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT OF PENNSYLVANIA
_____ Division

|  |  |
|---|---|
| **Margaret Mazur, Plaintiff,** | ) CASE NO. 17-826 |
| Pro Se | ) |
|  | ) JURY TRIAL ☒ Yes ☐ No |
| vs. | ) |
|  | ) |
| **Southwestern Veterans Center &** | ) |
| **Department of Military and Veterans Affairs** | ) |
| Defendant(s) | ) |

## COMPLAINT FOR A CIVIL CASE

I.  The Parties to This Complaint
    A.  The Plaintiff(s)

> Margaret Mazur
> 243 Ekastown Rd
> Sarver, Butler County
> Pennsylvania, 16055-9519
> 724-602-2930
> margmystr@gmail.com

1

      **B.**      **The Defendant(s)**

**Defendant No. 1**

Southwestern Veterans Center
Chief Counsel (located at Department of Military and Veterans Affairs)
7060 Highland Dr
Pittsburgh, Allegheny County
Pennsylvania, 15206-1259
412-665-6868

**Defendant No. 2**

Department of Military and Veterans Affairs
Chief Counsel
Building 7-36, Fort Indiantown Gap
Annville, Lawrence County
Pennsylvania, 17003-5002

**II.**    **Basis for Jurisdiction**

What is the basis for federal court jurisdiction?
☒ Federal question    ☐ Diversity of citizenship

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e (5), 28 U.S.C. Section 1331. 1343 and 42 U.S.C. Sections 1981 et seq. Equitable and other relief are also sought under 42 U.S.C. 2000e(5)(g). Plaintiff has been awarded a RIGHT TO SUE LETTER.

**III.**    **Statement of Claim**

1. I was employed by the Defendant, Southwestern Veterans Center. The discriminatory acts occurred starting May 26, 2016. I filed charges with the Equal Employment Opportunity (EEO) Commission regarding the Defendant's discriminatory conduct on July 2, 2017. The EEO Commission sent the attached "Notice of Right to Sue" (**Attachment 1**), which I received on April 10, 2017. The discriminatory acts that are the basis of this suit are:

   1. Race Discrimination

   2. Discrimination based on Color (White)

2

   3. Disparate Treatment, and

   4. Continuing Pattern of Harassment causing a hostile working environment.

2. I allege that both Defendants have discriminated against me and are still discriminating against me. My employer allowed their agent, Jamie Cuthbert, to charge me with theft and dishonesty when two investigations (Police and Internal Agency) found no support or evidence for the false charges. The Agency further allowed their agent, Jamie Cuthbert, to relay false allegations of theft and dishonesty to the Unemployment Compensation (UC) Office which resulted in denial of my UC claim. See **Attachment 2,** UC Determination letter. DMVA allowed their agents, Kim Kreiser and Jennifer McClain-Miller to participate in the Pre-Disciplinary Conference (PDC) regarding the unsupported charges against me of theft, neglect of duty, loss of Commonwealth property and unauthorized behavior. Kim Kreiser falsely stated in the PDC that the Police had enough to charge me with theft. See **Attachment 5.** Jennifer McClain-Miller initiated a Final Warning Letter, which is a permanent part of my employment record maintained by Jamie Cuthbert, while knowing that there was no evidence to support the charge of theft or when the loss of money happened and she falsified a pre-grievance settlement when I did not initiate, review, or authorize by signing the false settlement agreement or the unsupported suspension. During my May 26, 2016 PDC, I was denied due process in violation of my 5th and 14th Constitutional rights by the Agency failing to show me any evidence used to support the charges against me. I was not permitted to see or refute witness statements and I was not provided the results of the Agency initiated Police investigation of theft. The actions of the agents of SWVC and DMVA have caused me to not be able to retain or secure other employment. The SWVC and DMVA Defendants are vicariously liable for the wrongful action of their agents. The following

facts are the basis for my allegations:

### Count 1: Race Discrimination.

3. I worked in an office with a black co-worker, Sharon Warden, and a black supervisor, Darren Lindsay, who treated me differently because of my race (Caucasian) and my color which is white. My supervisor allowed my co-worker to take unlimited breaks as she desired while I was restricted to authorized breaks per the break policy. My black co-worker was not criticized for work errors including money losses while I was held strictly to work rules. The multiple money losses that my co-worker incurred were covered by my supervisor's personal account instead of initiating a PDC for her money losses. On many occasions, my supervisor discovered that my black co-worker left money out in the open unattended and did not initiate any disciplinary action or a PDC against her. He protected her and avoided bringing her violations to upper management and gave her special treatment due to her color and race.

4. I was criticized by my supervisor about my work even though my performance history was excellent. My access to tools to do my work was interfered with by the deletion of my emails, restricting access to files necessary to do my work and micromanagement by my supervisor.

5. My supervisor, who by Agency rules is supposed to initiate discipline, allowed a Human Relations (HR) Analyst, Jamie Cuthbert, to initiate discipline against me on unfounded charges of theft while knowing that the Police investigation found no evidence to support the charge. The Agency initiated a Police Investigation for theft on May 18, 2016, two days after the incident of the missing money. The Police Investigation found no evidence of theft. I was not charged by the police due to the investigation finding no evidence that I was guilty of theft. An

internal Agency investigation, headed by my accuser and former supervisor, Jamie Cuthbert, found no evidence to support the charge of theft against me. See **Attachment 4,** Police Report and **Attachment 5,** Preliminary Disciplinary Conference (PDC) and minutes of the PDC.

6. Despite two investigations, the Agency having no evidence to support any of the charges brought against me, allowed the HR Analyst, Jamie Cuthbert, to suspend me without pay and initiate termination against me for theft and dishonesty. See **Attachment 6,** letter of Defendants' head counsel, stating no evidence was found to determine what happened to the missing money.

7. The Defendants further allowed the HR Analyst, Jamie Cuthbert, to relay false information to the Unemployment Compensation (UC) Office regarding my claim for UC benefits. Neither the Agency nor the UC Office took any disciplinary action against Jamie Cuthbert despite the Agency having a disciplinary rule against any employee making false statements (**Attachment 14**) and the UC Office having a rule/law (**43 P.S. § 872**) against fraud (**Attachment 11**) which they define as an Agency or an Agency's representative providing false information in an attempt to influence or cause a denial of an UC Claim. My claim was denied due to Jamie Cuthbert fraudulently relaying to the UC Office that I was discharged for theft and dishonesty when the two investigations, one of which she conducted into the charge found no evidence. The Agency, to this day, has taken no disciplinary action against the HR Analyst, Jamie Cuthbert, for provable dishonesty and provable false statements. The lack of disciplinary action against Jamie Cuthbert for provable violations of Agency policy and rules shows that the Defendants endorsed and supported her wrongful actions.

## Count 2: Disparate Treatment.

8. I was awarded an undefined time limit of suspension without pay and a final

warning letter (**Attachment 3**) based on false and unsubstantiated charges of theft and dishonesty regarding missing money from Agency funds in the amount of $500.00, both of which are permanently in my employment file. My black co-worker, Sharon Warden, and I both had possession of the money alone before it was counted and the missing $500.00 was discovered. We both had the opportunity to take the missing $500.00. Police and Agency investigations found no evidence to determine what happened to the missing money, or if theft was involved, and who committed the theft since two people had the opportunity to take the money.

9. These unwarranted and unsubstantiated actions initiated by HR Analyst, Jamie Cuthbert, have prevented me from advancing at the Agency or obtaining employment elsewhere. My black co-worker, Sharon Warden, who had access to the money prior to the missing $500.00 being discovered, began working for the HR Analyst, Jamie Cuthbert, who is responsible for falsely telling the UC Agency that I was discharged for theft and dishonesty.

10. My black co-worker was given an oral reprimand while I was suspended without pay and given a letter of final warning. There is no justifiable reason for the disparate treatment since my co-worker had the same opportunity as me to take the missing money. An oral reprimand does not stay in my co-worker's employment file while my unjustified suspension without pay and final warning letter are in my record permanently, which makes it almost impossible to obtain other employment. I am the sole breadwinner for my family and the destruction of my reputation and interference of employment opportunities have been unlawfully caused by agents of the Agency against EEOC

regulations and Agency disciplinary rules and regulations.

### Count 3:  Hostile Working Environment.

11. After I was charged with theft and dishonesty in the case of the missing $500.00, I was subjected to an ongoing pattern of discrimination and harassment such as: excessive supervision/micromanagement, interference with my computer files necessary to do my work (deletion of my emails and invoice data), being yelled at regularly by my supervisor, Darren Lindsay, in front of my new coworker, Lisa Havrilla, and others before he knew the facts, not allowing me to respond to accusations, belittling me in front of others, not investigating my claims of items being removed from my desk and all my emails being deleted, constant threats of being PDC'd over supposed infractions of rules and regulations. These actions of ongoing harassment by my supervisor, Darren Lindsay, his supervisor - Barry Lowen who is the Deputy Commandant, and HR employees: Jamie Cuthbert, Kim Kreiser, and Jennifer McClain-Miller, caused such a hostile working environment for me that I had to resign to escape the almost daily malicious and ongoing harassment. My health (both physical and mental) have been severely affected by the Defendants' wrongful actions against me.

12. **Supporting Facts**: Attachments: Right to sue letter from EEO (Att 1), UC determination (Att 2), Final Warning Letter (Att 3), Police Report (Att 4), PDC/Minutes for me and Kim Kreiser's false statement "police...have enough to charge you", (Att 5), Head Counsel letter saying "despite its best efforts...never able to determine...how the funds were taken" (Att 6), Suspension letter (Att 7), Andrew Ruscavage "push back" comment (Att 8), PDC Minutes for co-worker (Att 9), Kim Kreiser's email soliciting information of any wrongs I've committed (Att 10), UC Law against fraud (Att 11), Jamie Cuthbert email citing

"termination" (Att 12), Jennifer McClain-Miller's correspondence with fraudulent information and biased wording on recounting reasons for different actions taken for discipline between me and my co-worker and notice of oral reprimand for co-worker (Att 13), DMVA Standards of Conduct & Work Rules (Att 14), Funds Management Policy that I was accused of breaking in May 26, 2017 PDC before it was even implemented (Att 15), and Kim Kreiser email stating I should have been fired (Att 16).

IV.     **Relief**

The suspension without pay letter, **Attachment 7**, states in **paragraph 4** that if no evidence is found to support the suspension that it would be withdrawn and I would be paid the lost wages withheld. The Agency failed to comply and the suspension letter is still in my record and I have not been reimbursed the $1,167.00 in wages withheld despite nearly a year of efforts to do so. Most all of my annual leave days were used to draft paperwork for my EEOC Charge (533 2016 01239), my defamation suit (AR 17 000057) and to search for other employment. I went up the chain of command to attempt to get some help to correct the wrongful actions taken against me to no avail. Andrew Ruscavage, the Director of all six of the state run veterans homes, said that if I was going to push, that the Agency would push right back. See **Attachment 8**, I have tried to obtain employment elsewhere and have been turned down because I had to disclose that I was suspended for theft. My reputation has been destroyed, my health has deteriorated. I am suffering from extreme emotional distress and anxiety due to the Agency's unlawful and unsubstantiated false charges against me.

I believe I am entitled to have my record expunged of all information regarding my suspension and final warning as the Defendants did not have just cause for their actions and my

5th and 14th Constitutional due process rights were violated at the PDC when I was not allowed to see witness statements or evidence against me that the Agency used and cited, such as the police investigation results, to justify my suspension without pay. I also believe I am entitled to the following relief: Compensatory damages for loss of pay/court costs paid, fees for consulting with an attorney, fees incurred by my UC appeal and EEO representative, and compensation for severe emotional distress and anxiety, deterioration of my physical and mental health, adverse effects of the Agency making me unemployable due to false and unsubstantiated charges, and such other relief as the court may award. The Defendants have maliciously and purposely ruined my good reputation. Defendants are responsible for me missing out on advancements in my career. Due to damages cited above, Defendants engaging in willful misconduct, not following DMVA rules/regulations and putting my future employability on the line, I am suing for $300,000.

## V. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.

Have you filed other lawsuits in state or federal court that deal with the same facts that are involved in this action?
    YES x   NO _____

Parties to previous lawsuits:
    (1) Plaintiff(s): Margaret Mazur    (2) Plaintiff(s): Margaret Mazur
    (1) Defendant(s): Jamie Cuthbert    (2) Defendant(s): Southwestern Veterans Center

Name of court and case or docket number:
    (1) Commonwealth Court Docket AR-17-000057    (2) EEO Charge 533-2016-01239

Disposition:
    (1) The Commonwealth court case is currently pending on appeal in the Commonwealth Court as Judge Colville dismissed my case with prejudice.
    (2) The EEOC Charge has been closed and I have received a RIGHT TO SUE LETTER.

Issues raised:
    (1) Defamation, lack of due process.    (2) Violation of Title VII

When did you file the lawsuit?
(1) January 5, 2017                    (2) July 2, 2017

When was it (will it be) decided?
(1) Appealed and court date not yet determined. (2) To be determined by Federal Court.

Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of?
YES  x    NO _____

If your answer is "YES" briefly describe how relief was sought and the results. If your answer is "NO" explain why administrative relief was not sought.

(1) I requested through my chain of command that my suspension without pay and final warning letter be rescinded due to the two investigations (Police and Agency) finding no evidence to support the charge of theft and dishonesty. The defendants refused to reimburse me lost wages or remove false charges from my employment record.
(2) The EEOC charge was initiated due to disparate treatment between my co-worker (black) and me (white).

## JURY TRIAL DEMANDED

VI.   **Certification and Closing.**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**For Parties Without an Attorney**
I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 06/22/17    Signature of Plaintiff: *Margaret Mazur*
Printed Name of Plaintiff: MARGARET MAZUR
Address/Phone/E-mail 243 Ekastown Rd, Sarver, PA 16055
724-602-2930  margmystr@gmail.com