IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET MAZUR, | No. 2:17-cv-00826-JFC |
| Plaintiff, | |
| vs. | Judge Conti |
| SOUTHWESTERN VETERANS CENTER and DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, | |
| Defendants. | *Electronically Filed.* |

## ANSWER TO COMPLAINT

AND NOW, come the defendants, Southwestern Veterans Center and Department Of Military And Veterans Affairs, by their attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Kenneth L. Joel, Chief Deputy Attorney General, Chief, Litigation Section, and file the within Answer to Plaintiff's Complaint (Doc. # 1) and, in support thereof, aver as follows:

### FIRST DEFENSE

The Answering Defendants respond to Plaintiff's factual allegations as follows:

**I.   THE PARTIES TO THIS COMPLAINT**

    A. Paragraph A is admitted.

    B. Paragraph B is admitted.

**II.   BASIS FOR JURISDICTION**

This paragraph is a statement of this Court's jurisdiction and the source of Plaintiff's legal claim, to which no response is required. However, to the extent an answer is required, all allegations of fact in this Paragraph are denied and strict proof is demanded.

**III.**     **STATEMENT OF CLAIM**[1]

1a.  It is admitted that Plaintiff was employed at Southwestern Veterans Center.

1b.  It is denied that any discriminatory acts occurred while Plaintiff was employed at Southwestern Veterans Center.

1c.  It is admitted that Plaintiff filed a complaint with the EEOC.

1d.  It is admitted that the EEOC sent a "Dismissal and Notice of Rights" form addressed to Plaintiff and dated April 7, 2017.

1e.  This sentence and its subparts set forth the nature of the claims asserted by Plaintiff, to which no response is required.  However, to the extent an answer is required, all allegations of fact in this sentence and its subparts are denied and strict proof is demanded.  Moreover, it is specifically denied that the Defendants engaged in discriminatory conduct toward Plaintiff or engaged in any discriminatory acts against Plaintiff.

2a.  It is denied that the Defendants discriminated against Plaintiff and it is denied that the Defendants are still discriminating against her.

2b.  It is denied that Jamie Cuthbert charged Plaintiff with theft and dishonesty.

2c.  It is denied that Jamie Cuthbert relayed false allegations of theft and dishonesty to the Unemployment Compensation (UC) Office; although it is admitted that Plaintiff's claim was initially denied.  By way of further response, it is averred that Cuthbert merely advised the UC representative of the disciplinary charges which Plaintiff faced and advised her that the agency's investigation into this matter was still pending.

---

[1] Because Plaintiff has included multiple allegations in each paragraph, the Defendants have elected to respond individually to each sentence within each paragraph, so that it will be clear what is being admitted and what is being denied.  Accordingly, 1a will correspond to the first sentence in Paragraph 1, 1b will correspond to the second sentence in Paragraph 1, and so on.

2

2d.  It is admitted that Kim Kreiser and Jennifer McClain-Miller were present at Plaintiff's Pre Disciplinary Conference; all other allegations of fact in this sentence are denied and strict proof is demanded.

2e. It is admitted that Kim Kreiser made such statement based on information received; all other allegations of fact in this sentence are denied and strict proof is demanded.

2f.  It is admitted that Plaintiff received a letter dated June 8, 2016, which included a Final Warning notice.  By way of further answer, this letter –which, as a written document, speaks for itself– identified the basis of Plaintiff's suspension as "violations of the Department's Standards of Conduct and Work Rules, Work Performance, 1. Neglect of Duty; and Use of Property, 2. Loss or damage."  It is further averred that this letter does not state, contain the term or otherwise refer to any "charge of theft."  All other allegations of fact in this sentence are denied and strict proof is demanded.

2g.  This sentence states a conclusion of law, to which no response is required.  However, to the extent an answer is required, all allegations of fact in this sentence are denied and strict proof is demanded.  By way of further answer, it is averred that Plaintiff was provided with all process due in such circumstances.

2h.  All allegations of fact in this sentence are denied and strict proof is demanded.  By way of further answer, it is averred that Plaintiff was provided with all process due in such circumstances.

2i.  After reasonable investigation, the Answering Defendants presently lack sufficient knowledge and/or information to admit or deny the truth of this allegation.  Therefore, it is denied and strict proof is demanded.

2j.  This sentence states a conclusion of law, to which no response is required.  However, to the extent an answer is required, all allegations of fact in this sentence are denied and strict proof is demanded.

### *Count 1:  Race Discrimination*

3a.  It is admitted that Plaintiff worked with Sharon Warden and Darren Lindsey and that Darren Lindsey identifies as Black; it is denied that Sharon Warden identifies as Black.  It is also denied that Plaintiff was treated differently by her supervisor because of her race.

3b.  After reasonable investigation, the Answering Defendants presently lack sufficient knowledge and/or information to admit or deny the truth of this allegation.  Therefore, it is denied and strict proof is demanded.

3c.  After reasonable investigation, the Answering Defendants presently lack sufficient knowledge and/or information to admit or deny the truth of this allegation.  Therefore, it is denied and strict proof is demanded.

3d.  After reasonable investigation, the Answering Defendants presently lack sufficient knowledge and/or information to admit or deny the truth of this allegation.  Therefore, it is denied and strict proof is demanded.

3e.  After reasonable investigation, the Answering Defendants presently lack sufficient knowledge and/or information to admit or deny the truth of this allegation.  Therefore, it is denied and strict proof is demanded.

4a.  This sentence is denied and strict proof is demanded.

4b.  This sentence is denied and strict proof is demanded.  By way of further answer, it is admitted that Plaintiff was denied off site access to her work computer during the time of her suspension.

5a.  This sentence is denied and strict proof is demanded.  By way of further answer, it is denied that the police investigation found no evidence of theft.  In fact, it is averred that a police officer advised representatives of the Defendants that he had sufficient information to initiate a police complaint if the Defendants wanted to press charges.

5b.  This sentence is denied as stated; however, it is admitted that representatives of the Defendants contacted the local police department after becoming aware of the missing funds.

5c.  This sentence is denied and strict proof is demanded.  By way of further answer, it is denied that the police investigation found no evidence of theft.  In fact, it is averred that a police officer advised representatives of the Defendants that he had sufficient information to initiate a police complaint if the Defendants wanted to press charges.

5d.  It is admitted that Plaintiff was not charged by the police; however, it is denied that this was due to the investigation finding no evidence that Plaintiff was guilty of theft.  Rather, it is averred that the Defendants declined to press charges.

5e.  This sentence is denied as stated; however, it is admitted that the PDC panel concluded that there was insufficient evidence to discipline Plaintiff for theft.  Nevertheless, the PDC panel did sustain other workplace violations against Plaintiff.

6a.  This sentence is denied as stated and strict proof is demanded.  By way of further answer, it is averred that Plaintiff was not suspended because of theft and dishonesty, nor were termination proceedings initiated as a result of this process.

6b.  This sentence is denied as stated; however, it is admitted that the referenced attachment stated that "[t]he search for the missing funds proved unsuccessful."

7a.  It is denied that Jamie Cuthbert relayed false information to the Unemployment Compensation (UC) Office.  By way of further response, it is averred that Cuthbert merely

advised the UC representative of the disciplinary charges which Plaintiff faced and advised her that the agency's investigation into this matter was still pending.

      7b.  It is admitted that no disciplinary action or other action was taken against Jamie Cuthbert.  By way of further response, it is averred that Cuthbert merely advised the UC representative of the disciplinary charges which Plaintiff faced and advised her that the agency's investigation into this matter was still pending, thus there was no basis for taking disciplinary action or other action against her.

      7c.  It is again denied that Jamie Cuthbert relayed false information to the Unemployment Compensation (UC) Office.  By way of further response, it is averred that Cuthbert merely advised the UC representative of the disciplinary charges which Plaintiff faced and advised her that the agency's investigation into this matter was still pending.

      7d.  It is again admitted that no disciplinary action or other action was taken against Jamie Cuthbert.  By way of further response, it is averred that Cuthbert merely advised the UC representative of the disciplinary charges which Plaintiff faced and advised her that the agency's investigation into this matter was still pending, thus there was no basis for taking disciplinary action or other action against her.

      7e.  It is again admitted that no disciplinary action or other action was taken against Jamie Cuthbert.  By way of further response, it is averred that Cuthbert merely advised the UC representative of the disciplinary charges which Plaintiff faced and advised her that the agency's investigation into this matter was still pending, thus there was no basis for taking disciplinary action or other action against her.

*Count 2:  Disparate Treatment*

8a.  This sentence is denied as stated.  Plaintiff was initially suspended indefinitely pending an investigation into the missing funds.  After a Pre Disciplinary Conference, the matter was settled through Plaintiff's union representative; the settlement called for a time-served suspension, which amounted to eight days, and the issuance of a Final Warning Letter.  By way of further response, this suspension was not for "theft and dishonesty regarding missing money."  Rather, according to the terms of the referenced letter:

> The reason for this suspension is your violations of the Department's Standards of Conduct and Work Rules, Work Performance, 1. Neglect of Duty; and Use of Property, 2. Loss or damage.  Specifically, on May 16, 2016, you failed to maintain proper custody and control of the petty cash replenishment.  As a result, $500 was lost.  A Pre-Disciplinary Conference was held with you on May 26, 2016; however, you provided no acceptable explanation for your actions.

8b.  This sentence is denied as stated.  Rather, as Plaintiff stated during the Pre Disciplinary Conference, she left the money unattended in Ms. Warden's office.

8c. This sentence is denied as stated.

8d.  This sentence is denied as stated.

9a.  This sentence is denied and strict proof is demanded.

9b.  This sentence is denied and strict proof is demanded.

10a.  This sentence is denied as stated; however it is admitted that Ms. Warden received a reprimand for her involvement in this incident, because it was determined that her culpability was lesser.

10b.  This sentence is denied and strict proof is demanded.  By way of further response, as indicated in Plaintiff's discipline letter, had she properly maintained possession of the funds instead of leaving them unattended in Ms. Warden's office, the loss may have been prevented.

7

Nevertheless, while Ms. Warden was found to bear some responsibility for the loss, the greater responsibility was on Plaintiff. Therefore, this was reflected in the discipline assessed to each employee.

10c. This sentence is denied and strict proof is demanded.

10d. This sentence is denied and strict proof is demanded.

### *Count 3: Hostile Work Environment*

11a. All parts of this sentence are denied and strict proof is demanded.

11b. This sentence states a conclusion of law, to which no response is required. However, to the extent an answer is required, all allegations of fact in this sentence are denied and strict proof is demanded.

11c. After reasonable investigation, the Answering Defendants presently lack sufficient knowledge and/or information to admit or deny the truth of this allegation. Therefore, it is denied and strict proof is demanded.

### *Supporting Facts*

12. Paragraph 12 is a reference to attachments to the Complaint, to which no response is required. However, to the extent an answer is required, all allegations of fact in this Paragraph are denied and strict proof is demanded.

WHEREFORE, the Answering Defendants request that judgment be entered in their favor and against the Plaintiff.

### **SECOND DEFENSE**

The Plaintiff has failed to state a claim upon which relief can be granted.

### **THIRD DEFENSE**

The Plaintiff's own conduct caused any injuries or damages that she may have suffered.

## FOURTH DEFENSE

Any injuries or losses suffered by the Plaintiff were the direct result of her own job performance, actions or omissions, or were caused by the conduct or action of third parties over whom the Answering Defendants had no control or responsibility.

## FIFTH DEFENSE

The Plaintiff was not deprived of any rights under Title VII.

## SIXTH DEFENSE

The Answering Defendants had legitimate, rational, non-discriminatory and non-retaliatory reasons for any actions taken with respect to Plaintiff.

## SEVENTH DEFENSE

The Answering Defendants were at all times acting in good faith in an objective, reasonable manner and with a reasonable belief in the lawfulness of their actions.

## EIGHTH DEFENSE

The Answering Defendants are entitled to assert the immunity provided to the States under the Eleventh Amendment.

## NINTH DEFENSE

The Answering Defendants are entitled to all immunities and protections under the law, including sovereign immunity and qualified immunity.

## TENTH DEFENSE

The Answering Defendants were at all times acting pursuant to duties required or authorized by statute or regulation and therefore said acts were within the discretion granted to the Defendant by statute or statutorily authorized by regulations.

**ELEVENTH DEFENSE**

At no time did the Answering Defendants deprive the Plaintiff of any rights, privileges or immunities secured to her by the Constitution or the laws of the United States.

**TWELFTH DEFENSE**

Plaintiff's claims are barred by the statute of limitations.

**THIRTEENTH DEFENSE**

Plaintiff failed to exhaust her administrative remedies with respect to all of the claims in the Complaint; her claims are untimely under the PHRC and/or EEOC regulations; and the claims asserted in the Complaint are beyond the scope of her EEOC and/or PHRC Charge.

**FOURTEENTH DEFENSE**

The Answering Defendants were at all times acting in good faith and in an objectively reasonable manner and did not violate any clearly established federal right of Plaintiff. Therefore, they are entitled to qualified immunity and/or qualified good faith immunity from civil damages.

**FIFTEENTH DEFENSE**

Plaintiff was not treated differently than other similarly situated employees.

**SIXTEENTH DEFENSE**

The Answering Defendants established a readily accessible and effective policy for reporting harassment, retaliation and discrimination and Plaintiff unreasonably failed to avail herself of that policy with respect to all the claims in her Complaint.

**SEVENTEENTH DEFENSE**

The Plaintiff has received all procedural due process protection to which she is entitled.

**EIGHTEENTH DEFENSE**

Plaintiff is not entitled to the relief sought in her Complaint. Plaintiff failed to mitigate damages and/or any damages she suffered were caused by her own actions and/or failure to act.

**NINTEENTH DEFENSE**

Plaintiff's Complaint is barred in whole or in part by collateral estoppel, claim preclusion, and/or *res judicata*.

**TWENTIETH DEFENSE**

The Answering Defendants reserve the right to amend this pleading as needed or necessary.

WHEREFORE, the Answering Defendants request that judgment be entered in their favor and against the Plaintiff.

                                                Respectfully submitted,

                                                JOSH SHAPIRO
                                                Attorney General

|  |  |
|---|---|
| |   s/ Scott A. Bradley |
| Office of Attorney General | Scott A. Bradley |
| 6th Floor, Manor Complex | Senior Deputy Attorney General |
| 564 Forbes Avenue | Attorney I.D. No. 44627 |
| Pittsburgh, PA 15219 | |
| Phone: (412) 565-3586 | Kenneth L. Joel |
| Fax:     (412) 565-3019 | Chief Deputy Attorney General |
| | Litigation Section |

Date:  August 11, 2017