IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| MARGARET MAZUR, | }<br>} No. 2:17-cv-00826-JFC |
| Plaintiff, | }<br>} |
| vs. | } Judge Conti<br>} |
| SOUTHWESTERN VETERANS CENTER and DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, | }<br>}<br>} |
| | } *Electronically Filed* |
| Defendants. | } *December 26, 2017* |

### BRIEF IN SUPPORT OF MOTION TO COMPEL RELEASE OF SUBPOENAED POLICE INVESTIGATION RESULTS CCR # 91034

### BACKGROUND

**COMES NOW Plaintiff**, hereinafter, Margaret Mazur, and submits a brief in support of her Motion to Compel compliance with a subpoena served on December 7, 2017 for results of the May 18, 2016 Theft investigation conducted by Zone 5 of the Pittsburgh Bureau of Police. The results of the police investigation are necessary and relevant to my charge of disparate treatment.

On May 16, 2016, Margaret Mazur was an employee of Southwestern Veterans Center (SWVC) in the Accounting Department. On that date, $500.00 was discovered missing from Agency funds. Margaret Mazur and a co-worker, Sharon Warden both had possession of the funds and both had the opportunity to take the missing $500.00. Both denied taking the funds.

On May 18 Defendants initiated a Police Report of Theft and requested an investigation to determine who took the money. The Police investigated on the same day. No one was arrested

1

for the crime of theft. Subsequently, on May 26, 2016 Margaret Mazur was subjected to a Pre-Disciplinary Conference (PDC) and charged with stealing/theft of the missing $500.00. At the conclusion of the PDC, Defendants HR representative, Kim Kreiser stated in writing that the Police had enough evidence to charge Margaret Mazur with the crime of theft. Immediately following the PDC, Margaret Mazur was suspended without pay based on Kim Kreiser's statement. Margaret Mazur denied that she stole the missing $500.00 and she was not allowed to see the Police Investigation results.

Margaret Mazur was denied Unemployment Compensation (UC) due to the Defendants agent, Jamie Cuthbert relaying false information to UC stating that Margaret Mazur was discharged for dishonesty and that the dishonest act was stealing/theft. Margaret Mazur eventually had to resign due to the hostile working conditions imposed on her by agents of Defendants.

**The following proof documents are provided:**

**Attachment 1:** City of Pittsburgh Bureau of Police Offense/Incident Report CCR #91034
Based on the Defendants initiating the request for the Theft investigation, the Police from Zone 5 responded and conducted a Theft Investigation. Defendants refused to release the results of the investigation to Margaret Mazur. After multiple requests for the results of the investigation from Defendants, Margaret Mazur subpoenaed the results from the Police who refused to honor the subpoena.

**Attachment 2:** PDC notes from Margaret Mazur's PDC of May 26, 2016 showing Kim Kreiser's statement that the Police had enough to charge Margaret Mazur with theft.

**Attachment 3:** August 12, 2016 report of Kim Kreiser to Agency Counsel reiterating that the Police told SWVC (para 3) that they had enough to charge Ms. Mazur.

**Attachment 4:** Barry Lowen's report to Richard Adams showing that Margaret Mazur was charged with stealing/theft. Barry read the charges (not allegations) at the beginning of the PDC.

**Attachment 5:** UC determination letter denying Margaret Mazur's UC claim based on false charges of dishonesty/stealing/theft relayed by Defendants HR representative Jamie Cuthbert.

**Attachment 6:** Subpoena for the Complete Investigative File of the Theft Report CCR#91034.

**Attachment 7:** Email from Lawrence H. Baumiller, Assistant City Counselor denying the Police Theft Investigation results and stating that a subpoena cannot allow the City to violate state law. The law cited is CHRIA, which is not applicable since there was only an allegation against Margaret Mazur. She was not arrested and she has no criminal history, therefore the Investigative Results do not reveal any criminal history since the theft report was not submitted to the DA for a criminal case to be prosecuted.

**Attachment 8:** Correspondence from Margaret Mazur attempting to get information regarding the investigative results.

## ARGUMENT

A person charged with a serious crime of theft is entitled to any evidence regarding an investigation into the charge as a basic due process right. Since Margaret Mazur suffered severe damage to her reputation, her family and her finances and eventually lost her livelihood due to charges of theft which she denied, she deserves any evidence that shows her guilt or innocence. She did not commit the crime of theft so evidence <u>cannot</u> exist to prove the criminal elements of theft. Defendants have charged her with theft and denied her any evidence; incriminating or exculpatory. Her need for the investigative results <u>far outweighs</u> the City solicitor's unfounded concerns of releasing "criminal history information" which simply does not exist as the theft report initiated by the Defendants did not get referred to the DA for prosecution. This fact alone indicates that Kim Kreiser's statement that the Police had enough to charge Margaret Mazur with the investigated crime of theft is false. The Police, once notified of a crime have the responsibility and obligation to arrest someone if they find evidence or proof of the charge. In this case, release of the results of the theft investigation requested by Plaintiff is necessary to show the truth.

Respectfully submitted,
/s/ Margaret Mazur (December 26, 2017)

## **CERTIFICATE OF SERVICE**

I, Margaret Mazur, certify that a true and correct copy of **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL RELEASE OF POLICE INVESTIGATIVE RESULTS** was served on December 26, 2017, to the following people:

**Mailed first class to:**
ATTN: Lawrence Baumiller
Pittsburgh PD Records
660 First Avenue, 3rd Floor
Pittsburgh, PA 15219

**Electronically served to:**
Scott Bradley, Defendants Counsel
sbradley@attorneygeneral.gov


*/s/ Margaret Mazur (December 26, 2017)*

**Margaret Mazur, Pro Se**