## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET MAZUR, | ) |
| Plaintiff, | ) |
| vs. | ) CV17-826 |
| SOUTHWESTERN VETERANS CENTER & DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, | ) |
| Defendants. | ) |

## ORDER

AND NOW, on this 17th day of August, 2018, for the reasons set forth in the accompanying memorandum opinion, **IT IS HEREBY ORDERED** that the partial motion to dismiss the plaintiff's amended complaint filed by the defendants Southwestern Veterans Center and Department of Military and Veterans Affairs (ECF No. 43) is GRANTED to the extent that the motion seeks the dismissal of the plaintiff Margaret Mazur's Title VII, 42 U.S.C. § 2000a *et seq.*, and 42 U.S.C. § 1981 retaliation claims that are based upon the plaintiff filing an EEOC Charge in July 2016 ("the First/2016 EEOC Charge"); said claims are DISMISSED WITHOUT PREJUDICE. To the extent that Ms. Mazur's Title VII and § 1981 retaliation claims are based upon Ms. Mazur being retaliated against for complaining about disparate treatment and racial discrimination and requesting relief from this disparate treatment and racial discrimination in June 2016, these retaliation claims remain a part of Ms. Mazur's case against SWVC and DMVA.

Plaintiff Margaret Mazur is permitted leave to file a motion for leave to file a second amended complaint that contains Title VII and § 1981 retaliation claims based upon her filing the First/2016 EEOC Charge no later than September 4, 2018. The plaintiff's motion must include a proposed second amended complaint. Ms. Mazur's proposed second amended complaint, if she chooses to file a motion for leave to file a second amended complaint to include Title VII and § 1981 retaliation claims against SWVC and DMVA based upon her filing the First/2016 EEOC Charge in July 2016, must consist of one stand-alone document, must contain within the body of the pleading all factual allegations upon which Ms. Mazur relies in bringing her Title VII and § 1981 retaliation claims against the defendants, and must be organized in a manner from which it is clear upon which facts Ms. Mazur relies for each of her claims. No external documents are to be "incorporated by reference" into the second amended complaint; exhibits can be attached to the second amended complaint. Failure to follow these instructions will result in the court *sua sponte* dismissing the plaintiff's motion for leave to file a second amended complaint for failure to comply with Federal Rules of Civil Procedure 8.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge