IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET MAZUR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV. A. NO. 17-00826 ) |
| SOUTHWESTERN VETERANS CENTER and DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

### I. Introduction

Pending before the court is a motion for leave to file a second amended complaint, filed by pro se plaintiff Margaret Mazur ("plaintiff"), to which defendants Southwestern Veterans Center and Department of Military and Veterans Affairs (collectively, "defendants") responded. (ECF Nos. 110, 111.) Because permitting a curative amendment would be futile, the court will deny plaintiff's motion.

### II. Factual and Procedural Background[1]

This case arises out of five hundred dollars in missing funds from a bank withdrawal that plaintiff carried out on behalf of her employer—defendants. (ECF No. 96 at 4.) In the disciplinary

---

[1] The court reviewed the factual allegations in its opinion granting in part and denying in part defendants' partial motion to dismiss the first amended complaint. (ECF No. 96.) Because plaintiff's proposed complaint essentially repeats those allegations, albeit a bit haphazardly, the court will cite its prior opinion to set forth the factual background necessary to resolve the current motion.

1

action that followed, defendants allegedly treated plaintiff—who is white—differently from a black co-worker who was also involved in the incident. (Id. at 5.) Specifically, after a hearing held on May 26, 2016, plaintiff was suspended without pay and was later issued a final warning letter, which became part of her employment record. (Id. at 4–5.) Plaintiff's black co-worker, on the other hand, received only an oral reprimand. (Id. at 5.) After returning to work on June 8, 2016, plaintiff tried repeatedly to clear her name and to have the final warning letter removed from her file. (Id.) Plaintiff's attempts were met with, what she considered, harassment and discrimination by defendants. (Id.) In July 2016, plaintiff filed a discrimination charge with the EEOC (the "Discrimination Charge"). (Id. at 7.) The EEOC apprised defendants of the Discrimination Charge through a notice dated August 10, 2016. (Id. at 2–3, 29.) Plaintiff ultimately resigned from her position on April 26, 2017. (Id. at 16.) After resigning, plaintiff filed another charge with the EEOC (the "Retaliation Charge") alleging that defendants retaliated against her for filing the Discrimination Charge. (Id.)

Based on the foregoing, plaintiff filed her original complaint on June 22, 2017, alleging disparate treatment and racial discrimination in violation of Title VII of the Civil Rights Act of 1964.[2] (ECF No. 1.) After defendants filed an answer, plaintiff sought leave of court to include the Retaliation Charge in her first amended complaint—alleging claims of retaliation under Title VII[3] and § 1981.[4] (ECF No. 36.) Defendants filed a partial answer along with a motion for a partial dismissal of the first amended complaint, which the court granted in part and denied in part.[5] (ECF Nos. 42, 43, 96.)

---

[2] 42 U.S.C. § 2000e-2(a).
[3] 42 U.S.C. § 2000e–3(a).
[4] 42 U.S.C. § 1981.
[5] In resolving that motion, the court explained that the retaliation claim premised on plaintiff "complaining about disparate treatment and racial discrimination and requesting relief from this

2

The court afforded plaintiff an opportunity to replead the claim based on the Retaliation Charge so long as she complied with the court's instructions explicating Federal Rule of Civil Procedure 8(a). (Id. at 33–34.) The court also directed plaintiff to attach the proposed complaint to her motion for leave to file a second amended complaint. (Id. at 33.) On August 27, 2018, plaintiff filed a motion for leave to file a second amended complaint, but did not attach the proposed complaint to that motion. (ECF No. 100). On September 12, 2018, plaintiff filed a second motion for leave to file a second amended complaint with the proposed complaint attached, and on September 21, 2018, defendants filed a response to plaintiff's motion. (ECF Nos. 110, 110-2, 111.)

### III. Standard of Review

Federal Rule of Civil Procedure 15 "generally conditions amendment on the court's leave or the opposing party's written consent . . . ." Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017) (citing Fed. R. Civ. P. 15(a)(2)). [T]he rule instructs courts to 'freely give leave [to amend] when justice so requires.'" Id. (quoting Fed. R. Civ. P. 15(a)(2)). "[T]he fundamental purpose of Rule 15 is to allow a plaintiff 'an opportunity to test his claim on the merits,' and although 'the grant or denial of an opportunity to amend is within the discretion of the District Court,' that discretion is abused if it is exercised without giving the plaintiff sufficient opportunity to make her case." United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co., 839 F.3d 242, 249 (3d Cir. 2016) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Generally, there are three considerations that lead to denial of leave to amend, that is, when "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3)

---

disparate treatment and racial discrimination in June 2016" were preserved because defendants did not seek dismissal of that claim. (ECF No. 96 at 21–22.) The court, however, granted defendants' motion as it related to the claim premised on plaintiff filing the Retaliation Charge. (Id. at 30–32).

3

the amendment would prejudice the other party." Id. (quoting United States ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014)). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

IV. Discussion[6]

In order to allege a prima facie case of retaliation under either Title VII or § 1981, plaintiff must allege facts to support that: (1) she engaged in a protected activity; (2) defendants took an adverse employment action against her; and (3) there was a causal link between her participation in the protected activity and the adverse action. See Carvalho-Grevious v. Del. State Univ., 851 F.3d 249, 257 (3d Cir. 2017) (Title VII); Castleberry v. STI Grp., 863 F.3d 259, 267 (3d Cir. 2017) (§ 1981). In her first amended complaint, plaintiff alleged sufficient facts to satisfy only the first two prongs. Undoubtedly, by filing the Discrimination Charge plaintiff engaged in protected activity that satisfied the first prong. (ECF No. 96 at 22.) Regarding the second prong, the court concluded that the alleged conduct of plaintiff's immediate supervisor Mr. Lindsay was "serious enough to dissuade a reasonable person from engaging in protected activity and, therefore, constitute[d] a material adverse action." (Id. at 25.) The infirmity in plaintiff's dismissed retaliation claim, therefore, centered around the third prong, i.e., the causal link.

To establish that link, and survive defendants' motion to dismiss, plaintiff needed to allege facts "sufficient to raise the inference that her protected activity was the *likely reason* for the adverse [employment] action." Carvalho-Grevious, 851 F.3d at 259 (quoting Kachmar v. SunGard

---

[6] While the proposed complaint contains substantially more detailed factual allegations, the contours of plaintiff's claims mirror those pled in the first amended complaint. The court will, therefore, limit its discussion to whether the proposed complaint cures the infirmity that necessitated dismissal of the retaliation claim premised upon plaintiff filing the Retaliation Charge.

Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997)). The court analyzed Mr. Lindsay's actions following the EEOC's notice of the Discrimination Charge to defendants and concluded that plaintiff failed to allege facts sufficient for the court to infer plausibly the requisite causal connection between her protected activity and Mr. Lindsay's alleged misconduct. (ECF No. 96 at 29–30.) Accordingly, the court dismissed plaintiff's retaliation claim based upon the Retaliation Charge. (Id. at 33.)

It is well established that "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." Astrazeneca Pharm. L.P., 769 F.3d at 849 (3d Cir. 2014) (quoting Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 144 (3d Cir. 2002)). Here, the court not only gave plaintiff an opportunity to amend her dismissed retaliation claim based upon the Retaliation Charge, but also explained the deficiencies in that claim. Specifically, the court noted that:

> [plaintiff's] failure to allege when the bulk of this alleged misconduct on the part of Mr. Lindsay occurred makes it is impossible for the court to conclude either that there plausibly was unduly suggestive temporal proximity between the protected activity in July 2016 and the alleged adverse employments actions or to decipher from the allegations that there plausibly was a pattern of antagonism between August 10, 2016 and April 26, 2017, when [plaintiff] resigned from her position.

(ECF No. 96 at 30.) Plaintiff's proposed complaint, however, fails to resolve those deficiencies because it contains only conclusions about the allegedly retaliatory conduct and lacks specificity about the timing of that conduct. It does not set forth any new factual allegations sufficient to support a causal link between plaintiff's protected activity (filing the Discrimination Charge) and Mr. Lindsay's alleged misconduct. (See, e.g., ECF No. 110-2 at 22 ¶ 39 (only conclusions set forth, i.e., Mr. Lindsay "regularly berated" plaintiff from "June 13, 2016 to April 26, 2017"); Id. at 27 ¶ 6 (concluding that defendants retaliated against plaintiff from "May 26, 2016 to April 26, 2017).)

5

"There is no point in granting a motion to amend a complaint if the amendment would not cure the infirmity that caused the original [claim] to be dismissed." <u>AM Int'l, Inc. v. Graphic Mgmt. Assocs., Inc.</u>, 44 F.3d 572, 578 (7th Cir. 1995). In sum—because the proposed complaint contains the same deficiencies that necessitated dismissal of plaintiff's retaliation claim based upon the Retaliation Charge as pled in the first amended complaint—leave to amend would be futile. Accordingly, the court will deny plaintiff's motion for leave to file a second amended complaint.

### V.     Conclusion

Based upon the foregoing analysis, plaintiff's motion for leave to file a second amended complaint will be denied. An appropriate order will be entered.

By the court,

Dated: October 30, 2018

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge