UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Mazur, Pro Se** | ) | 2:17-cv-00826-JFC |
| Plaintiff, | ) | |
| | ) | **Judge Conti** |
| v. | ) | |
| | ) | |
| **Southwestern Veterans Center and** | ) | Filed: August 11, 2019 |
| **Dept. of Military and Veterans Affairs** | ) | |
| Defendants. | ) | Electronically Filed |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO SCHEDULE
A NAME CLEARING HEARING**

Plaintiff, hereafter Ms. Mazur, moves the Court for relief for the following issue as follows:

**I.  NAME CLEARING HEARING**

1. On May 26, 2016, Ms. Mazur was subjected to a Pre-Disciplinary Hearing (PDC) from her employer regarding charges of theft/loss of money.

2. Upon Ms. Mazur's return to work on June 13, 2016, Ms. Mazur contested the charge sustained of improper custody and control of monies resulting in a loss of money, the final warning imposed and objected to information that remains in her employment record to this day that is extremely harmful to her reputation and future employment opportunities with the State.

3. The false and unsubstantiated information residing in Ms. Mazur's employment file has barred her from obtaining employment with the State as the suspension letter listing theft will not be removed from her employment file without the benefit of a name clearing hearing. Loss of livelyhood and loss of pension benefits due to unsubstantiated charges which led to loss of Ms. Mazur's 10-year employment with the State of Pennsylvania has severely damaged Ms. Mazur's ability to contribute to her family income.

1

4. Ms. Mazur is entitled to a name clearing hearing to comply with due process rights to rebut and correct the errors made by her former employer regarding discipline imposed.

5. Being charged with theft in a PDC, listing theft in Ms. Mazur's May 26, 2016 suspension letter (that never leaves her employment record) and keeping theft listed in a proposed discipline letter is stigmatizing. It is stigmatizing to have a final warning letter residing in Ms. Mazur's employment file along with an unsubstantiated charge of improper custody leading to loss of money.

6. Ms. Mazur has consistently requested her name be cleared of the false charges in her employment record from June 13, 2016 forward. She has been consistently denied her due process rights for a name clearing hearing prior to filing this civil suit and to date, being told "the case is closed".

7. To date, her employer agents and legal counsel have admitted under oath that they have no evidence to support the theft charges and the discipline awarded. Commonwealth rules require that when an investigation does not produce supporting evidence for the charges; that the discipline and wage loss will be reversed. The Agency refuses to provide supporting evidence to support the disciplinary actions and refuses to reverse the discipline and loss of wages despite admitting that they possess no evidence to support their charges.

8. Ms. Mazur requested via email a Name Clearing Hearing be scheduled. The request was sent to Defendants through Defendants' counsel on July 15, 2019. (EXH 1)

9. Defendants' counsel responded on July 18, 2019, "there has been no decision by the Court which require SWVC or DMVA to provide you with relief in the form of a name

clearing hearing" and also stated that Ms. Mazur's request is "premature" and Defendants will "not be responding to your request at this time". (EXH 2) Considering Ms. Mazur requested that her name be cleared numerous times prior to filing a civil suit, Defendants do not intend to grant Ms. Mazur's request for a Name Clearing Hearing.

10. A Name Clearing Hearing is a separate issue from the captioned case and is not reliant on the outcome of this case.

11. Ms. Mazur is aware of two recent incidents (June 2019) where Defendants are denying employees that were unjustly terminated with a name clearing hearing when a name clearing hearing was requested by both employees. Defendants have ignored the terminated employees' requests in writing for a name clearing hearing, as is Defendants' custom.

Ms. Mazur has been deprived of her liberty interest of her Accounting Assistant position and the ability to pursue other State positions, has sustained loss of her livelihood and loss of State pension benefits.

For the above reasons, Ms. Mazur prays and compels the court to order Defendants to schedule a Name Clearing Hearing as Defendants require the Court to direct them to comply with Due Process requirements.

Respectfully submitted,


/s/ Margaret Mazur    August 11, 2019

## CERTIFICATE OF SERVICE

I, Margaret Mazur, do hereby certify that I have this day served the foregoing **MOTION TO COMPEL** by electronic service to the following:

Scott Bradley
sbradley@attorneygeneral.gov


/ s /  Margaret Mazur

243 Ekastown Rd
Sarver, PA 16055
724-602-2930
Date: August 11, 2019

4